Welch, J.,
dissenting, said : I can not concur with my brethren. I hold, with the District Court, that the Common Pleas erred, both in its instructions as.to the necessity of a tender by Smith, and also in its rulings as to damages recoverable by him.
Smith having assumed to decide for himself, that eighty cents was more than a reasonable fare, I think he was bound to go further, and decide for himself what was a reasonable fare, and tender it to the conductor. (See Cincinnati v. Bryson, 15 Ohio, 625.) This, as his own witnesses prove, he did not do. The other party, the directors of the company, had made their decision as to what was a reasonable fare, and were not present to review it. Smith assumed to review it for them, and thereby assumed to be a competent judge of such matters. He should have" determined for himself what was a reasonable amount before putting the conductor to the hard necessity of ejecting him from the car, a necessity which he must have known the conductor could not avoid without a violation of duty. If he was not bound to tender a full reasonable fare, he was not bound to tender anything, and a passeuger can ride “scot free” whenever the rate charged happens to be-too high.
But my principal objection to the judgment is, that the court gave the jury a wrong rule of damages, resulting in a verdict for an excessive amount, and then refused to set the verdict aside.
I think the law is well settled, that damages on account of injury to the feelings, by way of insult or wounded honor, can not be recovered in any such case. The evidence shows no malice, fraud, or willful wrong on the part of the conductor or the company. The conductor treated Smith in the most gentlemanly- and respectful manner — barely performing his admitted duty under the circumstances, and performing it reluctantly, and in the gentlest and mildest possible manner. Such is the testimony of Smith’s own witnesses. Smith knew the rules and rates of fare estab *21 fished by the company, and had ample time at the depot to procure his ticket. And the evidence makes it quite clear to my mind that he went on the train without a ticket on purpose, to put the conductor to the .necessity of ejecting him ; for he told the conductor, when put off, that he had been “ watching for such a chance,” and that he had “ now got the company just where he wanted them.”
Under such circumstances, Smith was admittedly only entitled to compensatory damages. Such damages never include any allowance for insult or wounded honor, not even in cases of slander or libel. The farthest courts have ever gone in such cases is, to allow damages for mental suffering arising from pain or fear. If Smith was insulted because of the publicity of the transaction, it was an insult of his own seeking. lie went on to be put off. To a willing mind there can be no insult. lie knew that, if put off at all, he must be put off in public, and at a greater cost, to the train, and its numerous passengers, than many times the thirty cents in controversy. lie should have paid the thirty cents under protest, or tendered his fifty cents before the train started, and then brought suit, if he merely wanted to test the question of right. That is the way gentlemen settle such disputes. It is no answer to this to say, that he could not afford to carry on a big lawsuit for so small an amount. Because, if he really suffered $700 damages by being put of the cars; he merely makes himself whole, and gains nothing at last by the big lawsuit The idea of a man voluntarily subjecting himself to insult ,and suffering, for the sake of recovering a compensation therefor, and thereby'settling a controversy of a few cents’ value, is totally inadmissible. An amicable suit for thirty cents, before a justice of the peace, carried up to the courts, was all that was necessary. If the settlement of this question was a thing of public interest and necessity, the public would doubtless have contributed to the costs of the suit. On the other hand, if such questions are to be settled in the method.adopted by Smith in the present case, it is the *22 public that must pay the heavy damages thus voluntarily incurred ; because if railroads are supported and maintained at all, they must be supported and maintained by the public, for whose use they are created.